In the Matter of the Estate of NATHANIEL W. NORTON, Deceased.*

Surrogate's Court, Erie County, April 8, 1931.

*Lansdowne & Lansdowne* [*Robert J. Lansdowne* of counsel], for Herbert F. J. Norton.

*Dudley, Stowe & Sawyer* [*Joseph G. Dudley* of counsel], for Mary Louise Norton, individually and as executor, and Martha Norton Spencer, residuary legatees.

HART, S. The only issue raised by the various objections filed to the accounts in this proceeding remaining undetermined relates to the adjustment between the two executors in connection with the excess payments to Norton Brothers for legal services as heretofore decided, such excess payments being the sum of $7,400.

On the probate of the will of Nathaniel W. Norton, the firm of Norton Brothers, consisting of Herbert F. J. Norton and Rosewell M. Norton, brother of decedent, were retained as attorneys for the executors, Mary Louise Norton, the widow of said decedent, and Herbert F. J. Norton, his brother.

Upon the hearing of the issues before me in the Surrogate's

---

* See *ante*, p. 487.

Court it was contended by the said Herbert F. J. Norton, one of said executors and a member of the firm of Norton Brothers, attorneys for said executors, that such overpayment should be prorated between the two executors.

Mary Louise Norton is a lay person, unskilled in the law governing the administration of estates, and with full faith as to the propriety thereof relied upon the advice given her by either the firm of Norton Brothers or by Herbert F. J. Norton, such executor and attorney personally, and executed such papers as she was so advised by said attorneys. Such overpayment constituted, in effect, the act of Herbert F. J. Norton, acting executor and attorney.

Herbert F. J. Norton had the right to disburse moneys of the estate for counsel fee although in advance of his accounting. He took the risk, however, that a surcharge would follow if the disbursement were allowed as excessive or improper. (*Matter of Gilman,* 251 N. Y. 265.)

The amount so disbursed having been found to be excessive, Herbert F. J. Norton is properly chargeable with the excess so paid to his own firm.

I have examined the cases submitted by counsel for Herbert F. J. Norton which he urges with such stress (*Matter of Niles,* 113 N. Y. 547; *Matter of Peck,* 31 App. Div. 407). I do not think these cases are in point as the facts here are clearly distinguishable from those in the cited cases.

Accordingly, pursuant to section 71 of the Surrogate's Court Act, I find and decide as follows:

*First.* That the said Herbert F. J. Norton should be personally charged with all payments made to Norton Brothers for legal services in excess of the sum of $8,800, to wit, the amount of $7,400, with interest thereon at the rate of four per cent per annum upon such sum from the various dates when payments of such excess were made, and that the said Herbert F. J. Norton be directed to restore said sum, with interest, to the funds of this estate.

*Second.* That the account of Mary Louise Norton should be passed and judicially settled and allowed as filed.

*Third.* That a balance of $16,642.95 is in the joint possession of Mary Louise Norton and Herbert F. J. Norton, as executors, and that the same consists of:

| | | |
|---|---:|---:|
| Sycamore street mortgage | $10,675 | 00 |
| Stock | 800 | 00 |
| Cash | 5,167 | 95 |
| | $16,642 | 95 |

*Fourth.* That in addition to such balance there is in the sole possession of Herbert F. J. Norton, as executor, the said sum of $7,400 and interest thereon from the various dates when payments of such excess were made.

Let a decree of judicial settlement be entered in accordance with the terms of this decision and the decision of the referee as confirmed by the court on the other issues heretofore determined, such decree to be settled on two days' notice or voluntary appearance of the respective parties.